IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                   Cr. No. 12-20069-M1

CHAUNTTA LEWIS,

      Defendant.

---

SENTENCING POSITION OF THE DEFENDANT

---

**Co**mes the Defendant Chauntta Lewis, through Mary C. Jermann-Robinson, with this, her position with respect to sentencing, and would state and show the following to this Honorable Court:

1. The Defendant and Counsel have reviewed the pre-sentence report. The AUSA and USPO have received a copy of this position.

GUIDELINE FACTORS

2. Defendant objects to the facts paragraph 8, and believes that Areike Lester, spoke with the minor victim at the party in question. However, there is no doubt that Ms. Lewis' relationship with the minor created this opportunity.

3. The Defendant objects to some of the facts in paragraph 16 and to the enhancement pursuant to §2 G1.3(b)(2)(B) in paragraph 26. Ms. Lewis did not provide the minor with a Lortab. Ms. Lewis admits that she did nothing to stop the minor from drinking alcohol, but that this did not occur immediately before traveling to engage in prostitution. Note that the Defense does not object to the enhancement pursuant to §2 G1.3(b)(1) and argues

that the influence that she had over her Cousin was due to the fact that they were related and were friends.

4.  The Defendant objects to paragraph 28, and objects to the enhancement pursuant to §2 G1.3(b)(4)(A).  The sex act contemplated never occurred (See paragraph 16).

5.  Ms. Lewis would like the Court to know that she has now provided emergency room information concerning some of her violations, to her pre-trial officer. Further, she would call to let her officer know what was happening when an emergency came up, albeit sometimes after the fact.  Note that she made two visits to the emergency room for her son for asthma related reasons.  Also, on the occasions when she did use marijuana, she admitted this to her officer.

OTHER FACTORS

5.  Pursuant to 18 USC §3553, the Court may consider other factors in determining the appropriate sentence.  This is obviously a very serious case, and made more serious by the fact that Ms. Lewis was well aware of her Cousin's age and did not protect her.  However, Ms. Lewis, as well as the minor, was being used to sell sex by two Vice Lord Gang members who were armed with weapons.  One of whom, Areike Lester, was controlling Ms. Lewis before, during and after the events, that formed the subject matter for this case. Mr. Lewis and the Defendant met in Fayette County, where she did, at times prostitute herself when she was unable to pay her bills.  Mr. Lester asserted himself as her "boyfriend" when in fact, he used her to make money for himself.  If Ms. Lewis declined to prostitute when he asked her, he often became abusive (see PSR ¶ 47).  After the abuse would end, Mr. Lester would give Ms. Lewis money, take her on dates or promise her that they would get married, in order to keep her working.  On

the night of the facts that formed the case at bar, Ms. Lewis was not permitted to be out of the sight of Mabon and Lester (See PSR ¶ 15). She was pictured repeatedly in compromising pictures by herself and with the minor, with the co-defendants in the room giving instructions. Mr. Lester made her take his gun at the time the police stopped their car, and had her take the gun charge, although it was not her weapon. (See ¶38). During the pendency of this case, Mr. Lester would call from the prison, and try to talk her out of testifying against him and Mr. Mabon. He promised her a big wedding, bridesmaids dresses and a life together. In a later call to another party, he made it clear that this was not the case. Although not a "victim" in this case, Ms. Lewis was "victimized" by this man that used her, not just for him, but for his gang friends. There is no excuse for not protecting her minor cousin, but the above facts do provide some explanation for her shameful conduct, and may call for a variance from the guidelines. Further, it appears that Ms. Lewis will not pose a danger to other minors, like her cousin, in the future.

6. Ms. Lewis is now working for M and W Quick Stop as a cook and cashier. She has work experience and a certificate as a medical assistant. She is not certain how her conviction will affect this certification. She does not have a record and truly desires to be trained in a field where she can take care of herself, her children, and her disabled mother. It seems that she would be a good candidate for the re-entry program.

7. Ms. Lewis has succumbed to the urge to smoke marijuana, per the report and her medical records. She thought that she could stop on her own, but now concedes that she needs help. She has begun counseling, and it appears that she may have a dual diagnosis of drug use and depression.

8. Ms. Lewis has back pain from an on the job injury. She continues to work and to want to work. This does distinguish her from others similarly situated.

9.      Ms. Lewis did not have a criminal record. She has never served any jail time. She is terrified about the plight of her children and her mother if she is not there to help them. This will make any term of imprisonment more weighty than others similarly situated. She has participated in a shameful crime, however, she has tried to help the government in whatever way that she could. She was instrumental in making Araceae Lester plead guilty. She met with agents on several occasions. She testified in open court in front of a known gang member. The Court is aware of a strong vice lord presence in the Memphis area. Ms. Lewis worries that her testimony and cooperation could place her family in jeopardy. She is still prepared to testify at the sentencing of her co-defendants.

Premises considered, the Defense requests that this Court grant her objections, grant the government's 5K1.1 motion and vary downwards from a guideline sentence. This may well be a case where a term of imprisonment creates a situation where this Defendant would be more likely to become a recidivist.

Respectfully submitted,

s/ MARY C. JERMANN-ROBINSON
Assistant Federal Defender
200 Jefferson Avenue, Suite 200
Memphis, TN 38103
(901) 544-3895

CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing has been forwarded by electronic means via the Court's electronic filing system to Mr. Jonathan Skrmetti, Assistant U.S. Attorney, 167 N. Main, Suite 800, Memphis, TN 38103.

s/ MARY C. JERMANN-ROBINSON
Assistant Federal Defender